SUAREZ, J.
 

 CRC 1803, LLC (“CRC”) appeals from the trial court’s order dismissing with prejudice its complaint against North Carillon, LLC (“North Carillon”) for revocation of contract based on 15 U.S.C. section 1703(a)(1)(B). We affirm as the Complaint was not filed within the two year statutory requirement for revocation.
 

 North Carillon is a developer of the North Carillon Beach Condos. On May 1, 2006, CRC, a Nevada corporation, placed a deposit and signed a pre-construction contract to purchase a condominium unit from North Carillon. North Carillon signed the contract on May 22, 2006. On May 2, 2008, two years and two days after CRC signed the preconstruction contract, CRC filed suit against North Carillon pursuant to 15 U.S.C. § 1703, the Interstate Land Sales Full Disclosure Act (ILSA), seeking to revoke the contract. The complaint alleges that North Carillon failed to provide a property report prior to CRC signing the contract as required by 15 U.S.C. section 1703(a)(1)(B). North Carillon responded with a motion to dismiss, arguing that as section 1703 of the ILSA contains a two-year limitations period, and as CRC signed the contract on May 1, 2006, and filed suit on May 2, 2008, its revocation claim is
 
 *20
 
 barred. CRC argued that the claim was not barred because the contract was actually fully executed on May 22, 2006, when North Carillon signed. The trial court heard arguments and concluded that, based on these facts, 15 U.S.C. § 1703 required CRC to have filed its complaint within two years after CRC signed the purchase contract and, as it did not, it was time-barred from filing for revocation. The court granted North Carillon’s motion to dismiss,
 
 [1]
 
 with prejudice, and based on these facts, we affirm.
 

 North Carillon does not dispute the allegation that it failed to supply CRC with the statutorily required property report prior to CRC signing the preconstruction contract. In interpreting the statute, Federal case law clearly provides that if the buyer fails to exercise the buyer’s statutory right of revocation within the two-year window provided in 15 U.S.C. § 1703, the buyer is barred from filing a suit to enforce that right.
 
 [2]
 

 See Bush v. Bahia Sun Associates,
 
 2009 WL 963133 (M.D.Fla. April 8, 2009) (harmonizing the two limitations periods found in § 1703 and § 1711);
 
 Von Elgg v. Carlyle Developers, Inc.,
 
 2009 WL 961144 (M.D.Fla. April 2009);
 
 Tail v. 430 Hibiscus, L.P.,
 
 2009 WL 455439 (S.D.Fla. Feb.2009);
 
 Taylor v. Holiday Isle, LLC,
 
 561 F.Supp.2d 1269 (S.D.Ala.2008);
 
 Meitis v. Park Square Enterprises,
 
 2008 WL 5351619 (M.D.Fla. Dec. 2008);
 
 Orsi v. Kirkwood,
 
 1992 WL 511406 (E.D.Va. April 1992). Section 1703 creates the statutory rights that may be invoked by the purchaser and places a time limit on those rights. The statute allows the purchaser to revoke the contract within two years of the purchaser’s signing of the purchase contract for the seller’s failure to timely provide the property report. If the purchaser fails to revoke within two years from the date of signing, then the purchaser’s right to revoke is extinguished by operation of section 1703’s express provisions. Any attempt to revoke or file suit to revoke beyond those two years is barred. If the purchaser invoked the purchaser’s statutory right to revoke the contract within two years of the purchaser’s signing of the contract to purchase and the developer failed or refused to revoke, then, under § 1711, the purchaser has the right to file an action to enforce the purchaser’s right to revoke and has
 
 three
 
 years from the date of the purchaser’s signing of the contract to file such an action to enforce. CRC failed to revoke within two years of CRC’s signing of the purchase contract. As the court and parties noted, the suit to revoke the purchase contract was CRC’s first and sole attempt at revocation and it
 
 *21
 
 was filed more than two years after CRC had signed the purchase contract.
 
 [3]
 
 As such, the two year period to revoke set forth in section 1703 had run prior to CRC filing the complaint and was time-barred. If CRC had moved to revoke prior to the two years, it would have had three years to file and its complaint would have been timely. Based on these facts, we affirm the trial court’s order granting North Carillon’s motion to dismiss with prejudice.
 

 Affirmed.
 

 [1]
 

 . Contrary to CRC's assertion, the trial court's grant of North Carillon’s motion to dismiss was not based on failure to state a cause of action; it was based on the failure to assert rights within a statutorily prescribed period, thus extinguishing those rights. This is a dispositive issue of law, and the trial court correctly dismissed the complaint on that basis.
 

 [2]
 

 . 15 U.S.C. § 1703(a) describes prohibited activities under ILSA; subsection (1)(B) is the prohibited activity of failing to provide a property report. Section 1703(c) describes the purchaser’s option to revoke the contract if a property report was not furnished prior to the purchaser signing the contract. This sec-lion also provides that the purchaser has the option to seek revocation of the contract or agreement within two years from the date of such signing. 15 U.S.C. § 1709 is entitled Civil Liabilities. That section gives a purchaser the right to pursue an action at law or in equity against a developer or seller if it violated § 1703(a), the prohibited activities section. Section 1709 merely describes what remedy can be sought. Finally, 15 U.S.C. § 1711 is entitled Limitation of Actions. This section provides that, for violations of § 1703(b) to (e), a purchaser cannot bring an action to enforce a right created under § 1703 unless brought within three years after signing the contract.
 

 [3]
 

 . CRC argues that, even if its equitable remedy fails, its claim for legal relief (damages) should survive. The "damages" it seeks, however, is the deposit CRC placed when it signed the contract. In other words, what CRC seeks is merely that which would put the parties in the same position they had been in prior to signing the contract. This does not constitute legal "damages” and is not contemplated separate from a viable suit under section 1709(a).
 
 See Von Elgg v. Carlyle Developers,
 
 2009 WL 961144 (M.D.Fla. April 2009) (the 'damages' asserted — deposits, interest, court costs and attorneys’ fees, were not a result of failure to provide the property report and are not ‘damages’ under § 1709);
 
 see also §
 
 1709(a).